## John T. Hayden, Executor, Appellee, v. Benjamin J. Hargan, Guardian, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Pulaski county; the Hon. BEN-
JAMIN W. POPE, Judge, presiding. Heard in this court at the
March term, 1916. Affirmed. Opinion filed November, 13, 1916.

### Statement of the Case.

Petition in the Probate Court by John T. Hayden,
executor of the estate of W. T. Hayden, deceased, peti-
tioner, against Benjamin J. Hargan, guardian of Loel,
Verna, Needa and Zelma Hargan, minors, respondent,
to require the respondent to pay over to the estate cer-
tain funds alleged to be due it under the will. From an
order granting the petition, respondent appeals.

The testator having devised various parcels of real
estate to his children, placing a valuation on each par-
cel, directed that the devisees should pay into the es-
tate or receive from it such sums as would make their
shares equal, taking the various devises at the valu-
ation placed on them by the testator. One of the par-
cels was devised at a certain valuation to the "heirs"
of a deceased daughter, naming her children, who were
minors. The value of this parcel being in excess of the
average value of all the devises, the executor filed a pe-
tition in the Probate Court in which the estate was be-
ing administered, asking that the court ascertain the
amount necessary to be paid over by the minors to
the executor, to equalize the devise to them in accord-
ance with the terms of the will, and that upon such
amount being ascertained and determined, that said
guardian be required to pay to said executor the
amount so fixed out of whatever fund should be in
his hands as guardian belonging to said minors, and
that in case said guardian did not have sufficient funds

with which to pay said amount, that then he be directed to file his petition in said court for leave to mortgage his wards' real estate for a sufficient amount to pay the same.

CHARLES L. RICE, for appellant.

C. S. MILLER and WALL & MARTIN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. TIME, § 2*—*when Sunday is excluded in computing time for filing bill of exceptions.* Where an order granting an appeal provided that a bill of exceptions should be filed within sixty days from the date of making the order, *held* that the sixtieth day falling on Sunday, the bill filed on the following Monday was filed in accordance with the order under clause 11, sec. 1, ch. 131, Rev. St. (J. & A. ¶ 11,102), providing that the time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it also shall be excluded.

2. WILLS, § 282*—*when grandchildren take per stirpes and not per capita.* Where a testator devised separate parcels of real estate to his children, placing a valuation upon each parcel, and directed that the various devisees should pay or receive from the estate such sum as would make the share of each equal, and devised one of the parcels at a certain valuation to the "heirs" of a deceased daughter, naming her children, who were minors, *held* on a petition by the executor against the guardian of such minors to require him to pay to the estate the excess of such valuation over the average value of all the devises, that such minors took *per stirpes* and not *per capita*, and that the petition was properly granted.

3. COURTS, § 105*—*when Probate Court may exercise equitable jurisdiction in settlement of an estate.* The Probate Court and the Circuit Court on appeal in probate matters have the right to exercise equitable jurisdiction in the settlement of an estate when necessary to further the ends of justice, and it is only in extraordinary cases that the courts of equity will supersede the Probate Court in making such settlement.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. COURTS, § 104*—*when Probate Court has jurisdiction to require repayment by heirs of excess over average value of devises.* Where a testator devised certain parcels of real estate to his children, placing the valuation upon each parcel, and directed that the devisee should pay into or receive from the estate such sums as would make the share of each equal, and devised one of the parcels at a certain valuation to the "heirs" of a deceased daughter, naming her children, who were minors, *held* that the Probate Court in which the estate was being settled had jurisdiction of a petition by the executor against the guardian of such minors to require him to pay into the estate the excess over the valuation of the parcel devised to them, over the average value of all the devises.